# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2017

Lyle W. Cayce
Clerk

No. 16-11121

MISHON THOMPSON, Individually and as Representative of the Estate of Marsele Thompson,

> Plaintiff - Appellant

v.

MARIO CAMPOS; NORMA PEREZ; DONALD COLEMAN; JAMES CAUGHRAN; ROBERT CREAGER,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-18

Before DAVIS, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Marsele Thompson was a prisoner in a Texas Department of Criminal Justice prison in Lubbock, Texas. On January 25, 2014, he died tragically as a result of a twisted small intestine that became gangrenous, causing sepsis. The prison guards responsible for him were disciplined based on an investigation by the state into their conduct that day, but none of the appellees'

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11121

actions were found by the state to be linked to Thompson's death.  This appeal concerns an Eighth Amendment deliberate-indifference suit brought by his mother, Mishon Thompson, against four prison guards and their supervisor, Robert Creager.  The district court granted summary judgment for the prison guards and a Fed. Rule Civ. Pro. 12(c) dismissal of their supervisor. Thompson's mother appeals both rulings.

The district court held that the guards were entitled to qualified immunity because the plaintiff did not produce evidence creating a genuine issue of material fact that any of them acted with deliberate indifference to Thompson's serious medical needs.  While the plaintiff has the burden to negate the officers' assertion of qualified immunity, all inferences from the evidence must be drawn in her favor.  *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010).  The district court erred in suggesting that *only* the plaintiff's evidence can be considered at this stage.  Standard summary judgment procedure requires courts to review all of the record evidence, no matter which side supplied it.  Contrary to the plaintiff's contention, we find that the prison's business records submitted on behalf of the guards were sufficiently authenticated and admissible.  Accordingly, we have carefully reviewed the entire record before affirming the district court's conclusion.

"The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners."  *Lawson v. Dallas Cnty.,* 286 F.3d 257, 262 (5th Cir. 2002).  To prevail on such a claim, a plaintiff must show that (1) the prisoner "was exposed to a substantial risk of serious harm" and (2) "jail officials acted or failed to act with deliberate indifference to that risk."  *Id.* (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).  Eighth Amendment liability thus requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

No. 16-11121

This renders deliberate indifference "an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Texas A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). Indeed, to be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 837. Thus "the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson*, 286 F.3d at 262.

Nothing in the extensive record creates a genuine issue of material fact as to the guards' subjective awareness that Thompson was suffering from an ischemic small intestine with a secondary volvulus that caused his death. Each guard provided a sworn statement attesting that he or she saw nothing out of the ordinary in Thompson's appearance or behavior on the day of death. Moreover, there is no dispute that Thompson was visited by a medical professional at 8 a.m. the day before he passed away, with brief visits by LVNs near midnight and early morning on the day of death. Thompson did not exhibit symptoms during any of these visits that might have created an awareness of his suffering from immediate, serious medical needs. We note that appellant's counsel took no depositions to probe more deeply into the appellees' actions on the day of Thompson's death. Counsel failed to supply expert medical testimony to support a genuine issue of material fact concerning the obviousness of any symptoms Thompson might have exhibited.

The guards' individual derelictions of duty are inexcusable. Their inaction might have created a genuine issue of material fact as to deliberate indifference had some more obvious cause of distress or death occurred, which they might have seen or heard had they been visiting the cell every 15 minutes

3

No. 16-11121

as required.  This court, however, is confined in our review to the factual record and reasonable inferences drawn therefrom.  The record before us does not justify reversal of the summary judgment based on qualified immunity.

As to the Rule 12(c) motion for judgment on the pleadings, the plaintiff's pleadings that Supervisor Creager "was personally involved . . . and acted with deliberate indifference" have no supporting facts, especially in comparison with the facts underlying plaintiff's claims against the guards supervised by Creager.   The barebones nature of the allegations fails to support a constitutional claim for his deliberate indifference.

The judgment is **AFFIRMED**.